UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-00693 JGB (SHKx)** | Date | April 12, 2018 |
| Title | *Tracy Piazza Leaton v. Chul Jong Yoo* | | |

Present: The Honorable JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present      None Present

**Proceedings:** Order REMANDING the Case, on the Court's Own Motion, to the Superior Court of California, County of San Bernardino (IN CHAMBERS)

On April 4, 2018, Defendant Chul Jong Yoo ("Defendant"), proceeding pro se, removed this unlawful detainer action to this Court. ("Notice of Removal," Dkt. No. 1.) Because this Court lacks subject matter jurisdiction over the unlawful detainer action, it REMANDS the matter to the Superior Court of California, County of San Bernardino.

Federal law empowers a defendant to remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). As relevant here, "[o]nly state court actions that originally could have been filed in federal courts may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332(a) (diversity). In his removal motion, Defendant alleges federal question jurisdiction pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"). (Notice of Removal ¶¶ 5-7.) Defendant alleges Plaintiff is a "Debt Collector" under the FDCPA and Plaintiff violated Defendant's rights under TILA. (Id. ¶¶ 5-6.)

In order for removal to be proper on the basis of federal question jurisdiction, Defendant must show that Plaintiff Tracy Piazza Leaton's ("Plaintiff") "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006)). "[F]ederal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's complaint." Caterpillar, Inc., 482 U.S. at 392. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. (See Notice of Removal, Exh. A); see also Canterbury Lots 68, LLC v. De La Torre, No. 13-cv-00712, 2013 WL 781974, at *3 (C.D. Cal. Feb. 28, 2013) (remanding action where complaint only raised a single cause of action for unlawful detainer); Golden Union Properties, LLC v. Amesquita, No. 10-cv-09607, 2011 WL 321095, at *3 (C.D. Cal. Jan. 26, 2011) (remanding case for lack of subject matter jurisdiction where complaint contained only an unlawful detainer claim). That a federal question may arise during the litigation in connection with a defense or counterclaim is insufficient to establish subject matter jurisdiction for purposes of removal. Rivet, 522 U.S. at 475 ("A defense is not part of plaintiff's properly pleaded statement of his claim or defense.") As such, removal was improper.

A district court may remand an action to state court for lack of subject matter jurisdiction on its own motion. 28 U.S.C. § 1447(c). Accordingly, the Court REMANDS this action to the Superior Court of California, County of San Bernardino. The Clerk of the Court is directed to serve a copy of this order on the Superior Court of California, County of San Bernardino and to serve the parties in the customary manner.

**IT IS SO ORDERED.**